IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOSE MIGUEL ROSILLO TROYA,                                    PETITIONER
A# 245-723-109

V.                                        CIVIL ACTION NO. 5:25-cv-144-DCB-BWR

WARDEN, et al.                                               RESPONDENTS

ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte*.   After consideration of the record in this case

and relevant legal authority, the Court finds that this civil action should be dismissed.

I.      Background

On December 1, 2025, pro se Petitioner Jose Miguel Rosillo Troya filed a Petition [1]

seeking habeas corpus relief under 28 U.S.C. § 2241.[1]   Troya's Petition did not comply with the

Habeas Rules, so the Court entered an Order [2] directing Troya, on or before January 2, 2026, to

file a Petition that complies with Rule 2(d) of the Habeas Rules by completing, signing and filing

a form "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241."   Order [2] at 1.   The

Clerk attached a copy of the relevant form [2-1] to a copy of this Order [2] and mailed it to Troya

at his address of record which is the Adams County Correctional Center in Natchez, Mississippi.

The Order warned Troya that his failure to advise this Court of a change of address or his failure

to comply with any Order of this Court would result in the dismissal of this case.

When Troya failed to comply, the Court entered an Order to Show Cause [2] directing

Troya to show cause why the action should not be dismissed for failure to comply with the

---

[1] On the same day, the Clerk mailed Troya a Notice of Assignment [1-3] reflecting the case number and judge assignments for this case.   The Notice [1-3] also informed Troya that his "failure to comply with any order of this Court will be deemed as a purposeful delay and contumacious act" that may result in the dismissal of this case. Notice [1-3] at 1.

Court's Order.   The Order to Show Cause directed Troya to comply on or before January 29, 2026, and warned Troya that his failure to advise the Court of a change of address or his failure to comply would result in the dismissal of this case.   Troya did not respond or otherwise contact the Court.

Since Troya is proceeding pro se, the Court provided him with one final opportunity to comply with the Court's Orders prior to dismissal of this case.   The Court entered a Final Order to Show Cause [4] directing Troya to comply on or before February 25, 2026.   The Final Order to Show Cause contained the same warnings as the previous Orders.   Troya has not complied with the Court's Orders or otherwise contacted the Court.

II.      Discussion

The Court has the authority to dismiss an action for a petitioner's failure to prosecute or to obey a Court order under Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to dismiss the action *sua sponte*.   *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) ("Under Rule 41(b), a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders.").   The Court's authority to dismiss an action for failure to prosecute extends to habeas corpus petitions.   *See Martinez v. Johnson,* 104 F.3d 769, 772–73 (5th Cir. 1997) (affirming *sua sponte* dismissal of pro se habeas petition for failure to prosecute under Fed. R. Civ. P. 41(b), noting "where there are procedural gaps in the habeas rules, the district courts have broad discretion to apply the Federal Rules of Civil Procedure").

The Court must be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and

2

expeditious disposition of cases."    *Link*, 370 U.S. at 630–31.    Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."    *Id.* at 629–30.

To date, Troya has not complied with three Court Orders and he has not contacted the Court to inquire about the status of this case.    The Court repeatedly warned Troya that failure to comply with a court order would result in dismissal without further notice.    *See Bohannan v. Redic,* No. 20-40860, 2023 WL 2346335, at *1 (5th Cir. Mar. 3, 2023) (finding district court's two explicit warnings to pro se prisoner that noncompliance may result in dismissal was adequate use of lesser sanctions for a failure to prosecute dismissal).    The Court's repeated warnings did not "prompt diligent prosecution," instead such efforts "proved to be futile." *Vafaiyan v. Target*, 251 F. App'x 862, 863 (5th Cir. 2007) (citing *Berry v. CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).    Additionally, there is nothing in the record to suggest that further warnings will be effective.    It is apparent that Petitioner Troya no longer wishes to pursue this habeas case.    Dismissal without prejudice is warranted.

III.    Conclusion

IT IS, THEREFORE, ORDERED AND ADJUDGED that this civil action is dismissed without prejudice for failure to obey the Court's Orders and to prosecute.    A separate final judgment will enter pursuant to Federal Rule of Civil Procedure 58.

SO ORDERED, this the 19th   day of March, 2026.

s/David Bramlette
UNITED STATES DISTRICT JUDGE

3